UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80411-CIV-MARRA/JOHNSON

SUNSHINE KOSHER TOURS &
CATERERS, INC., *et al.*,

    Plaintiffs,

v.

WALL STREET VENTURES, LLC,
a Michigan corporation, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER DENYING AUTHORIZATION
## FOR SUBSTITUTED SERVICE ON DEFENDANT REMO POLISELLI

THIS CAUSE comes before the Court on Plaintiffs' Verified Motion for Extension of Time to Serve and Leave to Execute Alternate Service by Registered Mail as to Defendant Remo Poliselli (DE 51), filed July 8, 2008.[1]  To date, no response has been filed.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On April 11, 2008, Plaintiffs filed their Amended Complaint (DE 38), asserting claims for the first time against Defendant Remo Poliselli ("Poliselli").  Plaintiffs have made multiple attempts to serve Poliselli with process, but all attempts have been unsuccessful.  According to Plaintiffs' process server, Poliselli resides in a gated community, and the security guards are

---

[1] Although the title of Plaintiffs' motion suggests that they seek leave to serve Defendant Remo Poliselli by registered mail, a review of the substance of the motion suggests Defendants seek leave to serve Poliselli by publication.  In fact, as Plaintiffs' motion recognizes, under Michigan law, Plaintiffs do not need leave of the Court to serve Defendant by registered mail.  (Pl. Mot. 3.)

1

instructed not to permit process servers to enter the community. (DE 51 Ex. 1.)  Moreover, the process server visited Poliselli's business address on four separate occasions and was informed that Poliselli is "seldom in the office." (*Id.*)

Rule 4(e) of the Federal Rules of Civil Procedure states that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Thus, service may be made on Poliselli under either Florida or Michigan law.  Alternatively, service may be made by leaving a copy of the summons and complaint at the individual's place of abode "with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).

Under Michigan law, "[o]n a showing that service of process cannot reasonably be made" as otherwise provided by law, a court may "by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1).  To get such an order, the moving party must "set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address." Mich. Ct. R. 2.105(I)(2).  The request must be made in a verified motion "dated not more than 14 days before it is filed." *Id.*

In this case, Plaintiffs' motion suffers from several defects.  First, in verifying the motion, Laura Berlowe-Heinish, Esq., did not date her verification.  The Court cannot determine whether the verification was made within the required time frame.  Moreover, while Plaintiffs have provided ample evidence that they have been unable to serve Polisell pursuant to Mich. Ct. R. 2.105(A)(1), Plaintiffs have failed to address whether service is possible pursuant to Mich. Ct. R.

2.105(A)(2).  That rule states that process may be served "on a resident or nonresident" by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail."  Mich Ct. R. 2.105(A)(2).  While it is possible that Poliselli may not accept receipt of a registered letter, the Court cannot authorize substitute service until Plaintiffs demonstrate that service cannot "reasonably be made" under this provision.  Until Plaintiffs can demonstrate that Poliselli cannot be served personally pursuant to Mich. Ct. R. 2.105(A)(2), the Court will not authorize substitute service.

Accordingly, Plaintiffs Verified Motion for Extension of Time to Serve and Leave to Execute Alternate Service by Registered Mail as to Defendant Remo Poliselli (DE 51) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.  Plaintiffs shall have an additional sixty (60) days to serve Remo Poliselli.

2.  Plaintiffs request for authorization for substitute service on Remo Poliselli is denied without prejudice.  Plaintiffs may reapply for authorization once they demonstrate the necessity of such authorization.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of August, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record